PHARHON, O. J.
“From and after tbe passage'of this act, all white men, residents of tbe Confederate States, between the ages of seventeen and fifty, shall be in the military service of the Confederate States for the war/' — Act ef Congress, 17th Feb., 1864, see. 1.
One of two constructions must be adopted : 1st. It applies to individuals who are, at the date of the passage of the act, between the ages of 17 and 50, as dc^orijotio p&r-sonarvm, the síantviy legal eflect, as ii the persons answering the description wore named, and puts them in the military service “for (that is, during) tbe war/’- This meaning can be given, by adding the words “who are new” so as make it read “'all white men” residents of the Confederate States who arc. now betwefen the ages of 17 and ‘SO shall be in the service of the Confederate States .for (that is, during) the war.,” “This act shall take effect from and after its passage.” According to this construction, all white men, who are, at the date of the passage of the act, under the age o!' fifty, would be liable to ^military service during the war, notwithstanding they afterwards arrive at that age, because they are embraced by the description,*and all white men who»are, at the date of the pa> sage of the act, under the age of 17, would not ■he liable to military service,'because thoy do not answer the description So that if this construction he adopted, and judgment is therefore rendered against the petitioner, the Courts and Judges will he' houpd, as a matter of course, upon the authority of this decision, to discharge -every one Who has been, or may be, put in the military •service, who was not, at the nassage of tlie act, 17 years .«f age.
There are two fatal objections to this construction : 1st, s* order to express the moaning it is-necessary to add *6 "words which are not found in the act, and the addition of which varies the sense materially. -This is not authorized by any rule'of construction. 2d. According to the whole scope and tenor of the act, one of its main objects is to bring into the military. service the young men who are continuously arriving at the age oí ¡1; and -the purpose is not only to embrace those who are IT at the passage of the act, but. all who shall thereafter arrive at that age : which purpose-would be defeated by tlñs construction, and it can only be contended, for on the ground of an oversight or cama omissus in framing the act, which, in so important a matter, the Court is not at liberty to assume.
The second construction is that the section applies to a. class composed oí all white men between the ages of IT and ;}(?, without regard to the time when they may be between those age», and puis-.fchdm into military service as a clans f'o.i (that is, during) the war. This meaning can he given, simply by changing • the ' position of hue words “ foi? the war,” an as to make the section read, ' * for (that is, during) the war, all white men, residents of she Confederate Ebates, between the ages of IT aiyl 50, shall be in the military service of the Confederate Hiatos.' ''‘This act shall The effect from and after passage.” The Court is authorized* by a well-settled rale of construction, to change the position of words, fk e Uwarriu on Statutes.
'Indeed, this chango in the position of words in this instance, is only 5>r th<> purpose of making Urn sense dearer. For if persons are conscripted os a class, it folio',vs, of c'ourse, that they cease io be liable when they pass out of the ohi:1 a and •bi-coni' liable when they enter ike class. ‘When no timo is fixed at which they are tó be between the ages designated, the conscription is necessarily asa class,; the distinction being, when a time is fixed the con *7 scription is as individuals, descriptio persondrum. Whea no time is fixed, tbe conscription is as a class.. Here tbe time is fixed ; so tbe conscription is as a class, and that consequence follows without reference to the position of the words “for (that is, durini;) the war,” although it maltes the sense clearer to put the #ords at the beginning of the section, instead of at the end. “ For the war ” is evidently used .in the sense of “ during the war,” and conceding that the conscription is by a das'?, if the words “ for (that is, during) the war ” had been placed at the ' beginning of the section, the fact that'a “ senior reserve ” would not be liable after arriving at the age of fifty, is too plain for discussion and it would be .strange if the result can-he different from the circumstance, that the words “for (that‘is, during) the war ’’-happen to he at the end of the section. These words have no reference-to thetime of service-; that is fixed by conscripting as a, class. and the words are manifestly used to enact that the intended conscription of all between the ages of ií and 50-should continue, or be in force, during the war. ■
According to this consfcruption, all persons under the age of seventeen, for the time to come, on arriving at that age, enter into the class, and-are' liable to military service ; and-all persons under the ago of fifty, from time to “time, on arriving at that age,' pass out of the class, and are no longer liable to military service : the rule working both ways, unless some prov:sion be made to the contrary.
It 'may be objected to this construction, that it lets out of the military service all who arrive at the age of fifty. The reply is, there.is nothing iiV'the-,-act tending to show that, it was not the intention. fcodet men,'whig $fiero over forty-five when conscripted, go out,of .the sqryjiie on.arriving at the age.of fifty ; and tlíbfé¿4s reáfeotl^'a-í suppose such *8 was the intention, on the idea that heads of families, after arriving at the age of fifty, would be of more use to the country at. home, than if they are kept in the military service as senior reserves. But assume this not to be no, and that this construction also supposes a casus omis-sus — howdpes it compare with the casus omissus implied by the first construction ? This lets out of the senior reserves ’a few old men, comparatively speaking,; while that fails to take in a large body of young men, who are looked to as the main resource of the country for future military operations' in the regular army! By reference to the census statistics, the number of young men arriving at the age of seventeen ill the course of a year, in proportion to old men arriving at the age of fifty, is 'about fifteen to cue. From this it may be seen hów much the public service will lose by adopting the first construction and rejecting the second : and of course if a casus omissus is to be implied in both constructions, that should be supposed which is of least consequence, and is the most likely to have occurred. The Court is of opinion that the second is the proper construction.
A perusal of the whole act, will tend to support this construction. Mr. Winston, Vho argued for the government, referred to the 5th' section as tending to support the first construction. It seems to us that this section sustains the conclusion to which we have arrived. The provision, that persons failing to enrol themselves at the time required “ shall be placed in the service in the field, for the war, in the same manner as though they were between the ages of eighteen and forty-five,” is imposed as a penalty on such as arc recusant; in respect to whom, the term of service is fixed, and excludes the idea of 'a general liability of all to serve for the ivar. - The sugges- *9 lion of tbe learned counsel, that the proviso in tbis sea-tioti, that the persons mentioned shall constitute a reserve for State defence, &c., should be modified by adding the words, “ except those who fail to enrol themselves,” has nothing to support it. " . *
Oifr conclusion is aho strengthened by referente to the other conscription acts. The act of April, 1862, conscripts, as a doss, those between the ages of 18 and 35, for three years, or the war. 'The-act of September, 1862, conscripts, as. a class, for three years or thb war, and the effect .of passing out of this class, to relieve from further liability to service, is prevented by a proviso, u when once enrolled all persons, between the ages-of 18 and 45 shall serve the fvtt time.* This proviso was necessary to show am intention fhajfc, although the conscri ption was as a - class,, still, in respect to persons who should, after being enrolled, arrive at the age of forty-five, it was deemed important to recain them in service for the full time. The act’under consideration in like manner conscripts-for (that is, during) the war, as a class, those between, the ages- of 1Í -and 50. There is no proviso to continue in the service' those whn arrive'at the age of fifty and pass out of the class. -Whether a proviso to prevent this effect was left oiit on purpose, because it was not deemed expedient to keep senior reserves in service after they became fifty years of age, or was an oversight, wo have no means of deciding. Our duty is to expound the law according to the sense of the words used by the law-makers ; and, in the absence of a proviso to the contrary, it follows, of course, that when a £t senior reserve ” arrives at the age of fifty, he passes out -of the class, and is no longer liable to military service.
There is ho efrror in' the judgment 'below.